IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARNEZ KAVONN (LIPSCOMB) HAGER, § | | |
| § | | |
| Plaintiff, § | C.A. No. 4:19-cv-595 | |
| v. § | | |
| § | | |
| CHILLI'S BAR & GRILL, *et al.*, § | | |
| § | | |
| Defendants. § | | |

### FIRST AMENDED COMPLAINT

Plaintiff Sharnez KaVonn (Lipscomb) Hager, by and through her attorneys, for her Complaint against Defendant Brinker Texas, Inc. d/b/a Chili's Grill & Bar ("Chili's"), hereby alleges the following:

**I.    NATURE OF THE ACTION**

1.    This civil rights action arises out of Chili's unlawful discrimination against Ms. Hager, who is African-American, and other members of her party, also African-Americans, on the basis of race.  On or about March 31, 2017, Ms. Hager and her party attempted to have dinner at the Chili's located at 24502 Southwest Freeway in Rosenberg, Texas.  The hostess refused to give Ms. Hager and her party an available table, claiming it was "reserved."  But when a white man entered and asked for a table for a large party, he was immediately given the "reserved" table.

2.    When Ms. Hager asked the hostess why she had offered the table to a white man, the hostess claimed that the white man had reserved the table.  The hostess did not know, however, that the white man was Ms. Hager's then-fiancé (now husband), Kevin Hager.  Mr. Hager, of course, did not have reservations.  (In fact, Chili's does not take reservations.)  When confronted with her lie, neither the hostess nor her manager even attempted to provide a nondiscriminatory explanation for her behavior.

3.    Ms. Hager has been forced to bring this suit because litigation appears to be the only way to get Chili's to take this problem seriously.  It was only happenstance that allowed Ms. Hager to confirm that she and her party had been the victims of blatant racial discrimination.

Doubtless numerous other incidents have occurred both at the 24502 Southwest Freeway Chili's and other Chili's restaurants that went undetected.

4. Moreover, Chili's management has made no meaningful effort to remedy this situation or to compensate Ms. Hager for the emotional distress she has suffered. For example, a few days after the incident, Ms. Hager discovered that the hostess who discriminated against her was still working at Chili's, although Chili's told her other employees (including the Hispanic manager) had been fired. When Ms. Hager asked why Chili's had not fired the hostess who discriminated against her, Chili's attorney asked her whether she really wanted to "ruin" the life of a 16 year old girl. And when Ms. Hager returned for an apology at the invitation of Chili's management, the hostess merely apologized for not treating Ms. Hager "special," when all Ms. Hager wanted was the *equal* treatment the law requires. Chili's lack of any real response to the serious racial discrimination Ms. Hager suffered demonstrates that it simply does not take this issue seriously.

## II.     PARTIES

5. Ms. Hager is a natural person domiciled in Houston, Texas.

6. Defendant Brinker Texas, Inc. d/b/a Chili's Grill & Bar ("Chili's") is a Virginia Corporation with its headquarters at 6820 LBJ Freeway, Dallas, Texas.

## III.    JURISDICTION AND VENUE

7. This is a civil rights suit arising under federal law. The Court has subject matter jurisdiction over Ms. Hager's claims under 28 U.S.C. §§ 1331 and 1343(a) and 42 U.S.C. § 2000a-6.

8. The Court has general personal jurisdiction over Chili's because Chili's is headquartered in Texas. The Court also has specific personal jurisdiction because Ms. Hager's claims arise out of an incident that occurred in Texas.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events and omissions giving rise to Ms. Hager's claims occurred in this district.

## IV. FACTUAL ALLEGATIONS

10. On or about March 31, 2017, Ms. Hager, who is African-American, and her party, all of whom are also African-American, went to the Chili's restaurant at 24502 Southwest Freeway in Rosenberg, Texas to have diner.

11. Ms. Hager asked the hostess for a table for seven. The hostess told Ms. Hager the wait would be about half an hour.

12. Ms. Hager saw a table that would accommodate her party and asked the hostess if they could have that table once it was cleaned off. The hostess claimed that the table was reserved.

13. Ms. Hager and her party waited for approximately half an hour, when Ms. Hager's then-fiancé (now husband), Mr. Hager, who is white, entered the Chili's and asked for a table for a large group. The hostess immediately directed him to the table she had claimed was "reserved." Mr. Hager did not have a reservation. In fact, Chili's does not take reservations.

14. Ms. Hager asked the hostess why she had given the "reserved" table to a white man when Ms. Hager's party had been kept waiting. Not knowing that Mr. Hager had any connection to Ms. Hager, the hostess outright lied, claiming that Mr. Hager had a reservation.

15. When confronted with the fact that the hostess had been caught lying about the reservation, neither the hostess nor her manager (who was Hispanic) even attempted to provide a non-discriminatory explanation for her conduct.

16. Ms. Hager and her party did accept the "reserved" table, but it took almost another half hour for them to get their drinks. At that point, Ms. Hager and her party were extremely uncomfortable about eating at Chili's and were afraid that the staff might contaminate their food. They left Chili's and had dinner at another restaurant.

17. Ms. Hager attempted to call Chili's corporate office that night, but it was closed until Monday morning.

18. Ms. Hager was so upset that she could not sleep.

19. On Saturday evening, Ms. Hager attempted to call the Chili's restaurant at 24502 Southwest Freeway to speak to a manger, but someone at the restaurant kept hanging up on her.

Ms. Hager was finally able to reach a manager at the 24502 Southwest Freeway location on Sunday afternoon. The manager told Ms. Hager that she would contact, Eric Denson.

20. Mr. Denson called Ms. Hager later that evening and claimed that he would need a couple of days to investigate. Ms. Hager said she did not want to wait a couple of days, and Mr. Denson directed her to the corporate office.

21. Ms. Hager was unable to sleep again that night, replaying the incident in her head.

22. On Monday morning, Ms. Hager was finally able to reach the corporate office. After waiting on hold for a long time, she described the incident to someone in the corporate office. A few hours later Robert Mason called her back. Mr. Mason offered Ms. Hager a $100 gift card, but Ms. Hager informed him that was not an adequate response to the situation.

23. Mr. Mason called Ms. Hager back later that day to inform her that he had fired seven people. This seemed strange to Ms. Hager because the only Chili's employees she had dealt with at the 24502 Southwest Freeway restaurant were the hostess and the manager.

24. That Friday Ms. Hager and Mr. Hager returned to the 24502 Southwest Freeway. To Ms. Hager's disbelief, the hostess who had discriminated against her and her party the previous week was still working there. The hostess who had discriminated against Ms. Hager gave the menus to another hostess and rolled her eyes at Ms. Hager and Mr. Hager.

25. Ms. Hager also spoke with an attorney for Chili's, who only attempted to make excuses and blame Ms. Hager. Eventually, however, the attorney offered to have the hostess apologize to Ms. Hager.

26. On or about April 21, 2017, Ms. Hager returned to the 24502 Southwest Freeway Chili's for an apology from the hostess. Ms. Hager was met by Messrs. Mason and Denson.

27. The hostess "apologized" by telling Ms. Hager that she was sorry she had not treated Ms. Hager "special." Ms. Hager informed the hostess that she did expect "special" treatment, but that she did not want to be discriminated against because of her race. The hostess appeared to be ready to apologize for discriminating against Ms. Hager, but Mr. Mason stopped her.

28. The next day, the attorney for Chili's called Ms. Hager to ask how the apology had gone. Ms. Hager informed him that it was the worst "apology" she had ever received and that she did not understand why Chili's had fired the manager (and apparently other employees) but kept the hostess who had been responsible for the discrimination. The Chili's attorney asked Ms. Hager if she really wanted to "ruin" the hostess's life. Ultimately, the Chili's attorney invited Ms. Hager to sue, which she has now done.

## V.   CAUSES OF ACTION

29. Ms. Hager incorporates the allegations set forth above in support of each of the following causes of action:

### A.   Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1981

30. Ms. Hager is African-American.

31. Chili's intentionally discriminated against Ms. Hager on the basis of race in her attempts to obtain service at the Chili's restaurant at 24502 Southwest Freeway. Chili's is responsible for the intentional discrimination of its employees. Alternatively, Chili's has ratified the conduct of its employees by failing to take meaningful efforts to address their known intentional discrimination.

32. Chili's conduct violated Ms. Hager's equal right to make and enforce contracts as is enjoyed by white citizens.

33. As a result of Chili's intentional racial discrimination, Ms. Hager has suffered emotional distress, mental suffering, anxiety, and humiliation.

### B.   Discrimination on the Basis of Race in Violation of 42 U.S.C. § 1982

34. Ms. Hager is African-American.

35. Chili's intentionally discriminated against Ms. Hager on the basis of race in her attempts to obtain service at the Chili's restaurant at 24502 Southwest Freeway. Chili's is responsible for the intentional discrimination of its employees. Alternatively, Chili's has ratified the conduct of its employees by failing to take meaningful efforts to address their known intentional discrimination.

36. Chili's conduct violated Ms. Hager's equal right to purchase personal property as is enjoyed by white citizens.

37. As a result of Chili's intentional racial discrimination, Ms. Hager has suffered emotional distress, mental suffering, anxiety, and humiliation.

### C. Discrimination on the Basis of Race in Violation of Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a)

38. Ms. Hager is African-American.

39. Chili's operates a restaurant at 24502 Southwest Freeway. The restaurant at 24502 Southwest Freeway serves or offers to serve interstate travelers and the food which it serves has moved in commerce.

40. Chili's intentionally discriminated against Ms. Hager on the basis of race in her attempts to obtain service at the restaurant at 24502 Southwest Freeway. Chili's denied Ms. Hager services that it provided to white patrons. Alternatively, Ms. Hager received service in a markedly hostile manner that a reasonable person would find objectively discriminatory.

41. Chili's is responsible for the discriminatory acts of its employees. Alternatively, Chili's has ratified the conduct of its employees by failing to take meaningful efforts to address their known intentional discrimination.

42. Ms. Hager seeks a declaratory judgment that Chili's conduct violated Title II of the Civil Rights Act of 1964.

## VI. REMEDIES

43. Ms. Hager seeks compensatory and punitive damages, reasonable attorneys' fees as provided by statute, and a declaration that Chili's intentionally discriminated against her on the basis of race.

## VII. CONDITIONS PRECEDENT

44. All conditions precedent to assertion of and recovery for each and all of the claims made by Ms. Hager herein have been performed, are excused, or have occurred.

## VIII. PRAYER

45. Wherefore, Ms. Hager requests that this matter be set for trial and after a trial on the merits, a Final Judgment be entered in favor of Ms. Hager against Chili's wherein Ms. Hager be awarded the following:

(a) damages as set forth herein;

(b) punitive damages;

(c) costs of this action and reasonable attorneys' fees;

(d) pre- and post-judgment interest as allowed by law;

(e) a declaration that Chili's intentionally discriminated against Ms. Hager on the basis of race;

(f) all other relief, in law or in equity, to which Ms. Hager is entitled.

Respectfully submitted,

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson
State Bar No. 24029638
Orrick, Herrington & Sutcliffe LLP
609 Main, 40th Floor
Houston, TX 77002
Telephone:   713.658.6400
Facsimile:   713.658.6401
jj@orrick.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on June 7, 2019, pursuant to Local Rule 5.3 and has been served on all counsel whom have consented to electronic service. Any other counsel of record will be served by first class mail on this same date.

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson