UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHARNEZ KAVONN (LIPSCOMB) HAGER, § § *Plaintiff*, § § v. § § BRINKER TEXAS, INC. D/B/A § CHILI'S BAR & GRILL., § § *Defendant.* § | CIVIL ACTION NO. 4:19-cv-00595 |

## MEMORANDUM & RECOMMENDATION

This case is before the Court on Defendant's Motion for Summary Judgment.[1] ECF 51. Having considered the parties' submissions and the law, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** in its entirety.

### I. Background

Plaintiff alleges she was discriminated against based on her race by a hostess ("Lentini") at a Chili's restaurant. Plaintiff and five other Black customers entered the Chili's Grill & Bar in Rosenberg, Texas on March 31, 2017 at approximately seven-thirty or eight o'clock in the evening. Plaintiff approached the hostess stand and spoke with Lentini, who informed her the party would have to wait approximately 45 minutes for a table. Plaintiff noticed an unoccupied and uncleaned table behind the hostess stand and requested that her party be seated there. According to Plaintiff, Lentini informed her the table was not available because it had been reserved by a different customer.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 47.

1

Plaintiff's white fiancé (now husband), Kevin Hager, entered the restaurant about 20-25 minutes later. According to Plaintiff, Kevin Hager asked Lentini for a table for seven people and Lentini told him the same table Plaintiff had been told was reserved was available. After learning he had been offered that table, Plaintiff returned to the hostess stand and asked Lentini to explain why he (Kevin) had been offered the same table she had been told was reserved. Lentini allegedly told Plaintiff that Kevin was the person who had reserved the table. Plaintiff then informed Lentini that the white man was her fiancé and therefore she knew he had not reserved the table. By all accounts, Plaintiff became very angry and demanded to know why seating at that table was offered to her white fiancé when it had not been offered to her and the other Black members of her party.

According to the Defendant, at the time Plaintiff initially approached Lentini, no server was available to handle the requested table because the restaurant was busy and understaffed. Due to the lack of available wait-staff, Lentini told Plaintiff there was a 45-minute wait for a table. Defendant contends that by the time Kevin Hager approached the hostess stand 20-25 minutes later, a server had noticed Plaintiff and her group were becoming tense and offered to clean the table so they could be seated.

Plaintiff makes numerous complaints about what occurred after her group was seated and about Defendant's investigation of the incident after she reported it to Chili's management. However, the only basis for her racial discrimination claim in this case is Lentini's telling her that a table was reserved and not available, and then approximately 20-25 minutes later, offering the very same table to her white fiancé. ECF 52 at 42 ("My argument is strictly about the table. No drinks, no food, just the table."); *Id.* at 19-20 (neither the waiter nor manager did anything she considers discriminatory; the only person who discriminated against her is Lentini); *see also* ECF 53 at 14 ("the conduct that matters was that of the hostess, when she refused to seat [Plaintiff] [at

2

an] unoccupied table under the guise that it was reserved, but then gave that same table to a white person.").

## II. Legal Standards

### A. Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party and an issue is "material" if its resolution could affect the outcome of the case. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016); *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).

Once the moving party establishes that no factual issues exist, the burden shifts to the non-moving party to produce evidence of a genuine issue of material fact. The non-moving party must "go beyond the pleadings" and use affidavits or other competent summary judgment evidence to cite "specific facts" that show there is a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The Court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

### B. *McDonnell Douglas* Burden-Shifting

Plaintiff's Title II and 42 U.S.C. §§ 1981 and 1982 claims are subject to the familiar *McDonnell Douglas* burden-shifting framework. *McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 545 (S.D. Tex. 2016) ("claims for discrimination in public accommodation asserted

under Title II are commonly analyzed pursuant to the framework used for employment discrimination asserted under Title VII and 42 U.S.C. § 1981 articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)."); *Powell v. Zurich Am. Ins. Co.*, 653 F. App'x 292, 297 (5th Cir. 2016) (plaintiff in 42 U.S.C. § 1982 case "may proffer circumstantial evidence of discrimination under the *McDonnell Douglas* burden-shifting framework."). Pursuant to the *McDonnell Douglas* framework, a plaintiff relying on circumstantial evidence[2] of discrimination or retaliation must first demonstrate a *prima facie* case. *McLaurin*, 178 F. Supp. 3d at 545; *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316-17 (5th Cir. 2004) (citations omitted).

If the plaintiff meets this *prima facie* burden, a presumption of discrimination arises, which shifts the burden of production to the defendant to articulate a legitimate, non-discriminatory reason for its action. *McLaurin*, 178 F. Supp. 3d at 545; *Hernandez v. Metro. Transit Auth. of Harris Cty.*, 673 F. App'x 414, 417 (5th Cir. 2016) (citations omitted). If the defendant states a legitimate reason for its allegedly discriminatory action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to present evidence that the defendant's proffered reason is merely pretextual. *Id.* (citations omitted). "In contrast to the minimal burden that a plaintiff bears when establishing his *prima facie* case, a plaintiff must produce 'substantial evidence of pretext.'" *Hernandez*, 673 F. App'x at 419 (quoting *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402–03 (5th Cir. 2001)). The plaintiff always bears the ultimate burden to prove

---

[2] Direct evidence is evidence that, if believed by the trier of fact, proves the fact of intentional discrimination without any need for inference or presumption. *Ihegword v. Harris County Hosp. Dist.*, 929 F. Supp. 2d 635, 645 (S.D. Tex. 2013) (quoting *Portis v. Nat'l Bank of New Albany, Mississippi*, 34 F.3d 325, 328-29 (5th Cir. 1994)). Such evidence would include any statement or written document showing a discriminatory motive on its face. No direct evidence of discrimination has been presented in this case.

discrimination. *Outley v. Luke & Assoc., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016) (citations omitted).

### III. Analysis

**A. Summary judgment should be granted on Plaintiff's Section 1981 and 1982 claims.**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). The phrase "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*. § 1981(b). Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Sections 1981 and 1982 are interpreted together because they were enacted together, have common language, and serve the same purpose of providing Black citizens the same legal rights enjoyed by other citizens. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 448 (2008).

Plaintiff alleges Defendant intentionally discriminated against her on the basis of her race when Lentini told her she could not be seated at her desired table because it was reserved. She also contends that in the context of service at a restaurant, the facts support a finding that she was prevented from contracting for the purchase of food and beverages, activities that are protected by §§ 1981 and 1982. ECF 53 at 10-12. Defendant argues it is entitled to summary judgment on Plaintiff's § 1981 and § 1982 claims because Plaintiff has failed to offer summary judgment evidence demonstrating that: (i) Defendant or Lentini intended to discriminate against her on the basis of her race; (ii) she was prevented from making or enforcing a contract because of her race; and (iii) she was prevented from purchasing personal property because of her race. ECF 51 at 12-

17. Defendant further argues that even if Lentini intended to discriminate against Plaintiff based on her race, Defendant cannot be held vicariously liable for Lentini's conduct. *Id.* at 18-20.

### 1. Plaintiff's prima facie showing of discrimination

Under both under §1981 and § 1982, a prima facie case of discrimination requires Plaintiff to show that (1) she is a member of a racial minority; (2) Defendant intended to discriminate against her on the basis of her race; and (3) the discrimination concerned one or more activities enumerated in the statutes. *Chester v. Arena*, 694 F. App'x 322, 323 (5th Cir. 2017); *Powell v. Zurich Am. Ins. Co.*, 653 F. App'x 292, 297 (5th Cir. 2016).

Plaintiff concedes that neither Lentini nor or any other Chili's employee made any race-based comments or used any racial slurs. ECF 52 at 11, 14, 17. Plaintiff is the person who raised the issue of race during the encounter because she believed Lentini's conduct—making her wait for a table and telling her the unoccupied, uncleaned table was not available because it had been reserved—was based on Plaintiff's race. ECF 52 at 16, 18 ("she gave the white guy the table and not me. She lied and said that it was reserved. She clearly discriminated against me."). Plaintiff admits that although she saw Lentini seat white customers that night, she has no idea what time those customers arrived at the restaurant or how long they had been waiting for a table. She does not claim in this case that white customers "got seated before [her] and came in after [her]." ECF 52 at 17. To make a prima facie case of intentional discrimination based on race, Plaintiff relies on evidence that she is Black; she was told an empty table was unavailable because it was reserved; a white customer was given the table 20-25 minutes later; and Plaintiff was told he was given the table because he was the person who had reserved it.[3]

---

[3] There is a factual dispute as to whether Lentini told Plaintiff the table had been reserved by Kevin Hager, but for purposes of summary judgment the Court views the evidence in the light most favorable to the Plaintiff.

A plaintiff's prima facie burden is not onerous but requires evidence of acts that "if otherwise unexplained are more likely than not based on the consideration of impermissible factors." *Powell*, 653 F. App'x at 297 (quoting *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978)). While Plaintiff's evidence of intentional discrimination is not strong,[4] the Court finds the factual dispute regarding Lentini's false representations likely warrants shifting the burden to Defendant to "otherwise [explain]" its conduct. However, the Court need not resolve the additional issue of the prima facie case—whether the discrimination concerned one of the statutes' "enumerated activities." Instead, the Court assumes for purposes of summary judgment that Plaintiff has met her prima facie burden and moves to the pretext stage of the *McDonnell Douglas* burden-shifting framework. *See Randle v. Dragados USA, Inc.*, No. CV H-19-1058, 2021 WL 40271, at *5 (S.D. Tex. Jan. 5, 2021) (assuming without deciding that plaintiff met his prima facie case because the Fifth Circuit has held that establishing a prima facie case requires "only ... a very minimal showing." (citation omitted)).

### 2. Plaintiff Has Not Met Her Burden to Show Pretext

The Court finds Plaintiff's section 1981 and 1982 claims cannot survive summary judgment because she has failed to meet her burden to present "substantial evidence" demonstrating that Defendant's stated non-discriminatory reason for its conduct is mere pretext.[5] *Hernandez*, 673 F. App'x at 419; *see also Singleton v. Young Men's Christian Ass'n (YMCA) of Greater Houston*, No. CV H-17-2903, 2019 WL 2617097, at *6-7 (S.D. Tex. June 26, 2019) (plaintiff bears burden to cite substantial evidence to establish that each non-discriminatory basis

---

[4] *See Agoh v. Hyatt Corp.*, 992 F. Supp. 2d 722, 734 (S.D. Tex. 2014) ("The Fifth Circuit has held that a plaintiff's subjective belief that he was discriminated against is insufficient to establish a prima facie case of discrimination" (citations omitted)); *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (Plaintiff could not rely on his subject belief of discrimination to satisfy his prima facie burden).

[5] Because the Court finds Plaintiff has failed to meet her burden under the *McDonnell Douglas* framework to show race-based discrimination, the Court does not address Defendant's argument that that it cannot be held vicariously liable for Lentini's actions and that Plaintiff cannot show she was prevented from purchasing food or beverages.

proffered is a mere pretext for race discrimination). Before discussing Plaintiff's failure to show pretext, the Court addresses Plaintiff's objections to Defendants' evidence, including evidence regarding Defendant's stated non-discriminatory reason for telling Plaintiff, who is Black, that she needed to wait forty-five minutes for a table, refusing to immediately seat her party at an empty, uncleared table, and then 20-25 minutes later offering the table to a white patron who happened to be her fiancé.

### 2a. Plaintiff's Objections to Defendant's Evidence

The defendant's burden under *McDonnell Douglas* to articulate a non-discriminatory reason for its conduct is only one of production, not persuasion, and does not involve a credibility assessment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Plaintiff objects to much of Defendant's evidence and contends Defendant has failed to present competent summary judgment evidence of a non-discriminatory reason for Lentini's actions. ECF 53 at 21-26. The Court will address here only Plaintiff's objections to Defendant's evidence which was considered and relied upon by the Court in deciding the motion for summary judgment. The remainder of Plaintiff's objections are not relevant to the Court's recommendation of summary judgment. Plaintiff's evidentiary objections can be reconsidered at trial in the event this Memorandum and Recommendation is not adopted by the District Court.

(i) Venable Declaration

Plaintiff objects to paragraphs 8 and 9 of the Declaration of Tristan Venable, Director of Operations for Brinker, who conducted an investigation of the March 31, 2017 incident. Plaintiff argues that paragraphs 8 and 9 are not competent summary judgment evidence because they contain inadmissible hearsay. Plaintiff also objects to Paragraph 9 as providing opinion testimony which fails to meet the requirements of Federal Rule of Evidence 701. ECF 53 at 23.

Plaintiff objects to the statements in Paragraph 8 and Exhibit B as hearsay within hearsay, especially with respect to information Venable learned from others during his investigation. ECF 53 at 23. In April 2017, Venable worked in the company's "PeopleWorks" division, a term used to refer to the company's human resources division. In that role, Venable was asked to investigate the March 31, 2017 incident. ECF 51-2, ¶ 3, 7. Venable's statements in Paragraph 8 are derived in part from Exhibit B to the Declaration. ECF 51-2 at 12-19 (BRINKER000018-22). Exhibit B to the Declaration consists of email correspondence between Venable and his supervisors and contains Venable's email summary of information he learned during his investigation. ECF 51-2 at 15-19. Venable attests that it was his custom to conduct investigations as a PeopleWorks Partner, and to report his findings and the supporting facts through an electronic mail summary to his supervisors and relevant operations personnel. ECF 51-2, ¶ 8. Venable also attests that Exhibit B to his Declaration is a true and correct copy of accurate and permanent records of Brinker, made in the regular course of Brinker's business, by persons with personal knowledge, near the time of the acts described therein. ECF 51-2, ¶ 5. Finally, Venable states that as a PeopleWorks Partner he was custodian of attached business and personnel records, including Exhibit B. Thus, Venable's Declaration demonstrates Exhibit B is authentic and establishes that the email summary of his investigation qualifies as a business record of Defendant. ECF 51-2, ¶ 5.

The Fifth Circuit has held that reports made at or near the time of an investigation into allegations of discrimination may be admissible as business records under Federal Rule of Evidence 803(6). *Brauninger v. Motes*, 260 F. App'x 634, 637 (5th Cir. 2007) (Rule 803(6) allows the admission of "report[s] made at or near the time by … a person with knowledge, if kept in the course of a regularly conducted business activity, … unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."). The Court concludes that

9

Venable's Declaration is based on his personal knowledge of his investigation into the alleged discriminatory acts and that Exhibit B would be admissible at trial as a business record. Thus, for purposes of the motion for summary judgment. the Court overrules Plaintiff's hearsay objections to Paragraphs 8 and 9 of Venable's Declaration and Exhibit B to the Declaration.

Plaintiff also objects to Venable's testimony in Paragraph 9 of his Declaration as improper opinion testimony. In Paragraph 9 Venable states:

> After my investigation, I concluded that race did not play a factor in seating Plaintiff's party that evening. Instead, my investigation revealed that Plaintiff was put on a wait list that evening because the Rosenberg Chili's did not have enough servers on duty to accommodate the business it was receiving and did not have a server who could service the table when Plaintiff initially requested it.

ECF 51-2, ¶ 9. Venable's opinions as set forth in Paragraph 9 comply with the requirements for opinion testimony by a lay witness under Rule 701 of the Federal Rules of Civil Procedure. First, his opinions are based on his own perceptions of his investigation. Fed. R. Evid. 701(a). Venable's opinion is helpful to an understanding of Defendant's defense. Fed. R. Evid. 701(b). His opinion is not based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701(c). Thus, for purposes of summary judgment, Plaintiff's objections to Paragraph 9 as improper lay opinion testimony is overruled.

### (ii) Deposition transcripts submitted in their entirety

In addition, Plaintiff objects to Defendant's submission of the entire transcripts of the depositions of Mason, Denson, Venable (Ex. 3, 5, 6) and Plaintiff (Ex. 1). Rule 56 does not require the Court to sift through the record for evidence to support or oppose summary judgment. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003). Therefore, the Court has considered only the deposition testimony specifically cited in the parties' briefs. Plaintiff's

objection is sustained, but only as to the portions of the deposition transcripts not specifically cited by either party in the summary judgment briefing.

### 2b. Defendant offered a non-discriminatory reason for the conduct.

According to Defendant, Lentini initially did not seat Plaintiff at her requested table because the restaurant was understaffed and no server was available to serve the table. ECF 51-2 at ¶¶ 8-9 (Declaration of Tristan Venable, Director of Operations for Brinker, who conducted an investigation of the incident); *see also* Ex. 51-3 at 19 (Deposition of Defendant's Corporate Representative, Robert Mason, Vice President of Operations, testifying the restaurant was busy that night). Defendant further contends that when Kevin approached Lentini approximately 25 minutes after Plaintiff, a server had noticed Plaintiff's group becoming agitated by the wait and offered to clear the table. ECF 51-2 at ¶ 8. Based on his investigation, Venable concluded that the incident was not the result of intentional discrimination, but due to lack of staff and service failures. ECF 51-2 at ¶ 8. With this evidence, Defendant has met its *McDonnell Douglas* burden to articulate a non-discriminatory reason for Lentini's initial refusal to seat Plaintiff at the unoccupied, unclean table on March 31, 2017.

### 2c. Plaintiff has failed to present substantial evidence pretext.

Plaintiff bears the burden to show "by a preponderance of the evidence that [defendant]'s nondiscriminatory explanation is pretextual." *Powell*, 653 Fed. App'x. at 297; *see also*, *Reeves*, 530 U.S. at 143 (Plaintiff bears the ultimate burden to prove discrimination.). To survive a motion for summary judgment, Plaintiff must present substantial evidence of pretext. *Hernandez*, 673 F. App'x at 419; *Singleton*, 2019 WL 2617097, at *7.

Here, Plaintiff improperly attempts to place the burden on Defendant to disprove pretext. *See* ECF 53 at 18 (Defendant "failed to establish that Sharnez was not discriminated against. . .").

11

Furthermore, Plaintiff attempts to meet her burden by arguing that Lentini gave a false reason for not seating Plaintiff at the table when she told Plaintiff the table had been reserved by Kevin Hager. Citing *Reeves*, Plaintiff argues this false statement provides a sufficient basis for a jury to infer discrimination and pretext. ECF 53 at 17 (citing *Reeves*, 530 U.S. at 147). Plaintiff's reliance on *Reeves* in this context is misplaced.

To begin with, Defendant does not offer the fact that the table had been reserved by Kevin Hager as a non-discriminatory reason for the conduct. For purposes of summary judgment the Court will assume Lentini told Plaintiff the table was reserved by Hager. However, Defendant contends the real reason Plaintiff was not given a table was due to management and service errors, including Lentini's resort to a "false wait" because the restaurant was busy and understaffed. In short, the Defendant does claim it put Plaintiff on a wait list because the table was reserved, but rather because it was understaffed and its employees committed service errors and failed to communicate properly with Plaintiff. Plaintiff has not shown that Defendant's explanation of service errors, understaffing, and poor communication is false, but only that the explanation is contrary to what Lentini told Plaintiff that night. In other words, there is evidence that Lentini lied to Plaintiff to cover up management and service errors, but there is no evidence Lentini lied to cover up discrimination.

Furthermore, the Court explained in *Reeves* that "*[i]n appropriate circumstances*, the trier of fact can reasonably infer from the falsity of the [non-discriminatory] explanation that the employer is dissembling to cover up a discriminatory purpose." 530 U.S. at 148 (emphasis added). Appropriate circumstances for the inference of pretext based on a false explanation exist when a plaintiff has made a strong prima facie case and negated all of Defendant's legitimate explanations. *Id.* Those circumstances do not exist in this case. Plaintiff has not presented a strong prima facie

case of discrimination, nor has Plaintiff negated all of Defendant's non-discriminatory reasons for putting Plaintiff on a wait list for a table and/or telling her the unoccupied table was reserved. Plaintiff has produced no evidence to negate Defendant's explanation that the restaurant was understaffed and busy, that the staff committed service failures, or failed to communicate properly with Plaintiff.

In short, Plaintiff's evidence of discriminatory intent is nothing more than her subjective belief that Lentini did not offer her at a table because she is Black and offered Kevin a table because he is white. It has long been established in the Fifth Circuit and other jurisdictions that a plaintiff's subjective belief that she was the victim of discrimination is not enough to withstand summary judgment.[6] *McLaurin*, 178 F. Supp. 3d at 550 (citing *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) and *Anderson v. Wachovia Mort. Corp.*, 621 F.3d 261, 279 (3d Cir. 2010)). For these reasons, the Court recommends Defendant's motion for summary judgment on Plaintiff's section 1981 and 1982 claims be granted.

**B. Summary judgment should be granted on Plaintiff's Title II claim.**

Title II of the Civil Rights Act provides:

All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). Title II applies to places of public accommodation, including restaurants. § 2000a(b). "The gravamen of a Title II claim is the denial to plaintiff of full and equal enjoyment of the services offered by the establishment." *McLaurin*, 178 F. Supp. 3d at 545.

---

[6] Plaintiff's argument that Defendant obstructed discovery (ECF 53 at 20) is not a basis for denying summary judgment. The discovery deadline in this case was September 15, 2020. ECF 46. The summary judgment briefing was completed by November 19, 2020 when Plaintiff filed her Sur-Reply. ECF 55. At no time has Plaintiff filed a Motion to Compel, and Plaintiff does not meet the requirements of Federal Rules of Civil Procedure 56(d) for continuance of the motion for summary judgment pending additional discovery.

A prima facie case under Title II for discrimination in a restaurant setting requires evidence that: (1) plaintiff is a member of a protected class; (2) she attempted to contract for the services of a public accommodation; (3) she was denied those services; and (4) the services were made available to similarly situated persons outside the plaintiff's protected class. *McLaurin*, 178 F. Supp. 3d at 546. Some courts have modified the fourth element to allow for a claim where the plaintiff "received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory." *Id.* Factors showing conduct is "markedly hostile" include whether it is "(1) so profoundly contrary to the manifest financial interests of the merchant and/or her employees; (2) so far outside the widely-accepted business norms; and (3) so arbitrary on its face, that the conduct supports a rational inference of discrimination." *Id.*

Title II authorizes a remedy in the form of injunctive or declaratory relief but does not provide for a remedy of money damages. 42 U.S.C. § 2000a-3 (Title II authorizes a "civil action for preventive relief, including an application for permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved."); *see also Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999); *Flournoy v. Omni Hotels Mgmt. Corp.*, No. 1:19-CV-1128-RP, 2020 WL 5644881, at *4 (W.D. Tex. Sept. 21, 2020) ("the exclusive remedy provision contained in 42 U.S.C. § 2000a-6 limits relief under Title II to injunctive and declaratory relief."). Plaintiff's Second Amended Complaint includes a request for declaratory judgment but lacks a request for injunctive relief. *See* ECF 43.

Defendant argues that Plaintiff has waived any claim under Title II other than a claim for money damages. Plaintiff testified during her deposition that while she previously sought an apology from Lentini or Lentini's termination, she is currently seeking *only* monetary damages in the minimum amount of $200,000. ECF No. 52 at 12 (emphasis added). The Court finds

Plaintiff's Title II claim should be dismissed because she seeks relief to which she is not entitled under the statute.

In addition, even if Plaintiff had not limited her claim to one for monetary damages, the Court finds she is not entitled to the declaratory relief sought in the Second Amended Complaint. The Second Amended Complaint seeks "a declaration that Chili's intentionally discriminated against her on the basis of race." ECF 43 at ¶ 43. Even if Plaintiff could make a prima facie case under Title II, her declaratory judgment claim necessarily fails for the same reasons discussed above with respect to her section 1981 and 1982 claims. *See McLaurin,* 178 F. Supp. 3d. at 548 ("To raise an issue of pretext plaintiffs must present evidence showing that defendant's proffered reason for [server's] failure to serve them is false or unworthy of credence, *and* more likely than not motivated by discriminatory animus for plaintiffs' race, i.e, African-American." (emphasis added)).

Plaintiff suggests for the first time in her Response to Defendant's Motion for Summary Judgment that she was "clearly" seeking an injunction, even though the words "injunction" or "injunctive relief" never appear in the Complaint. Further, her Summary Judgment Response does not explain the type of injunctive relief she seeks. *See* ECF 53 at 19-20. Plaintiff also has failed to demonstrate a "real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (quotations omitted); *McLaurin*, 178 F. Supp. 3d at 553. For these reasons, Defendant is entitled to summary judgment on Plaintiff's Title II claim.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court **RECOMMENDS** Defendant's Motion for Summary Judgment be **GRANTED** in its entirety and Plaintiff's claims be dismissed with prejudice.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 11, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge