UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARNEZ KAVONN (LIPSOMB) HAGER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-0595 |
| | § | |
| CHILLI'S BAR & GRILL. | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant's Bill of Costs. ECF 70. Plaintiff has filed objections, ECF 71, and Defendant has replied, ECF 74.

Federal Rule of Civil Procedure 54(d)(1) provides for recovery of costs by a prevailing party.[1] There is a "strong presumption" in favor of awarding costs, *Energy Manag. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006), but "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). The court may only tax as costs the expenses expressly listed in 28 U.S.C. § 1920.[2] *Faludi v. U.S. Shale Sols., LLC*, No. CV H-16-3467, 2020 WL 2042322, at *1 (S.D. Tex. Apr. 28, 2020). The party against whom costs are to be taxed must specifically object to a cost to overcome the presumption that the costs were necessarily incurred for use in the case. *Id.* at 2. If a specific objection

---

[1] Although Plaintiff is currently appealing the Court's decision on the merits, there is no dispute that Defendant is the prevailing party at this point in the case.
[2] Allowable costs under § 1920 are: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title;(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

is raised, the party seeking costs "bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Id.*

Defendant seeks $406.18 for fees of the clerk; $458.70 for fees for service of summons and subpoena; and $7,894.25 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. ECF 70. Plaintiff specifically objects to items 1, 2, 5, 7 and 8 of the Bill of Costs and argues they include: (1) charges that were not assessed to Defendant; (2) costs for transcripts that were not "necessarily obtained" and costs for transcripts of depositions that were necessary only because Defendant's Rule 30(b)(6) deponent was not properly prepared; and (3) "extra costs," including fees for expedited services.

### 1. Charges incurred by Plaintiff

In support of items 7 and 8 of its Bill of Costs in the amount of $229.35 each Defendant has submitted invoices issued to Plaintiff's counsel for subpoenas for depositions on written questions Plaintiff served on Emily Lentini and Francisco Sorto. ECF 70-2 at 16-19. These are not recoverable costs, as Defendant admits. ECF 74 at 3-4. Defendant represents that it intended to submit invoices not for the subpoenas, but for $170.00 for copies of the written responses. ECF 74-2 (correct invoices). The Court does not interpret the term "transcript" in § 1920 to include answers to written questions, and Defendant has not presented evidence that the fees represent reasonable "fees for exemplification and the costs of making copies." Therefore, the Court recommends that Defendant's Bill of Costs be reduced by $458.70.

**2. Deposition Transcripts**

Plaintiff objects that Defendant should not recover the costs of obtaining deposition transcripts for its own witnesses, particularly since Defendant failed to ask Plaintiff's counsel to share a copy of the transcripts. Plaintiff cites no authority for this proposition. The general rule is that costs are allowed for "depositions of a party's own witnesses if the opposing party noticed and took the deposition." *See Nall v. BNSF Ry. Co.*, No. 4:14-CV-02819, 2017 WL 3887234, at *2 (S.D. Tex. Sept. 6, 2017). Plaintiff's objection to items 1, 2, and 5 that "depositions of a party's own witnesses [are] never necessary for that party's trial preparation" is overruled.

Plaintiff also objects that taxing Plaintiff for the deposition transcripts of Mason, Venable and Denson (items 1, 2, and 5) would "reward[] Defendant's abdication of [its] duty under Federal law and the rules of discovery" by not preparing Mason to testify as a Rule 30(b)(6) witness. Defendant argues that Plaintff's subjective belief that Mason was not adequately prepared does not show that Mason's and the other deponents' depositions were not "necessarily obtained for use in the case." A deposition satisfies the "necessary" standard "if at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery. *Faludi*, 2020 WL 2042322, at *2. It is enough for Defendant to show "a nexus between the depositions and the litigation as a whole." *Id.* In addition, Defendant points out that it objected to many of topics included in the Rule 30(b)(6) deposition and Plaintiff never sought a ruling on the objections. *See* ECF 74-1. Based on the above, the Court recommends that this objection be overruled.

### 3. Extra Costs

Plaintiff specifically objects to being taxed for fees in the amount of $195.00 for parking, color copies, USB drive, administration fee, and shipping and handling, all related to Plaintiff's deposition. ECF 70-2 at 5. Plaintiff also objects to being taxed for expedited preparation and a rough draft of Denison's deposition in the amount t of $1,321.50. *Id.* at 8. Incidental costs like these are generally not recoverable. *Halliburton Energy Servs., Inc. v. M-1, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. June 20, 2007). Defendant has not met its burden show that these fees were "necessarily incurred for use at trial." Therefore, the Court recommends that Defendant's Bill of Costs be reduced by $1,516.50.

For the reasons set forth above, the Court RECOMMENDS that costs be taxed in the amount of $6,783.93.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 10, 2021, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

4